UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| INHABITANTS OF THE TOWN OF FAIRFIELD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     1:14-cv-00495-JDL ) |
| TIME WARNER CABLE ENTERPRISES, LLC, | ) ) ) |
| Defendant | ) ) |

**RECOMMENDED DECISION**

In this action, which Plaintiff originally filed in Somerset County Superior Court on October 23, 2014, Plaintiff alleges that Defendant breached the parties' Franchise Agreement when it failed to pay Plaintiff all of the franchise fees. (Complaint, ECF No. 7-2.) Defendant Time Warner Cable subsequently removed the matter to this Court.

Plaintiff seeks to return the matter to the state court. The matter is before the Court on Plaintiff's Motion to Remand (ECF No. 11).[1] As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court deny the motion.

### BACKGROUND

In its Notice of Removal filed November 18, 2014, Defendant cited diversity as the basis for this Court's jurisdiction. (Notice of Removal ¶¶ 5-7, ECF No. 1.) On December 12, 2014, Plaintiff filed its Motion to Remand (ECF No. 11). In its Motion, Plaintiff does not challenge

---

[1] The Court referred the motion for report and recommended decision.

Defendant's diversity assertion.  Instead, Plaintiff argues that remand is required by the following provision in the Franchise Agreement:

> 26.    MISCELLANEOUS PROVISIONS.
>
> …
>
> d.    <u>Governing Law</u>.  This franchise shall be governed by, and be subject to, the Cable Act, and, to the extent not inconsistent therewith, all applicable FCC Rules and Regulations and the laws of the State of Maine.  This Franchise Agreement is further subject to and shall be governed by all terms, conditions and provisions of the Cable Ordinance and any amendments thereto, in addition to the terms, conditions and provisions set forth herein.  *Corporation[2] shall be subject to the jurisdiction of the courts of the State of Maine in any suit arising out of this franchise.*

(Complaint Exh. A, ECF No. 7-2.) (emphasis added)

## DISCUSSION

**A.    Standard of Review**

The removing party bears the burden of establishing that removal was proper.  *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999).  The language of the removal statute is strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941), and ambiguity concerning the basis of removal jurisdiction favors remand, *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004).  When the basis for removal jurisdiction is established and the issue of remand turns on the language of a forum selection clause, remand is only required where there is "clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum."  *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*,

---

[2] "Corporation" is a reference to Defendant's predecessor in interest, the State Cable TV Corporation.

775 F.3d 41, 46 (1st Cir. 2014) (quoting *Rivera v. Centro Médico de Turabo, Inc.,* 575 F.3d 10, 15 (1st Cir.2009)).[3]

**B.     Analysis**

"Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." *Rivera,* 575 F.3d at 17. A permissive clause acknowledges jurisdiction in a particular forum, without prohibiting litigation elsewhere. *Claudio-De Leon*, 775 F.3d at 46. A mandatory clause, in contrast, clearly establishes that jurisdiction and venue are limited exclusively to the designated forum. *Id.*

In *Claudio-De Leon*, the First Circuit concluded that the requirement that the resolution of "any dispute" "shall be submitted to the jurisdiction … of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part," constituted a mandatory forum selection clause. *Id.* at 46-47.[4] Conversely, where the language was not similarly clear, the Court determined that the forum selection provision was permissive (i.e., not exclusive). *See*, *e.g.*, *Autoridad de Energía Eléctrica de Puerto Rico v. Ericsson, Inc.,* 201 F.3d 15 (1st Cir. 2000) (considering a provision reading: "This contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico."); *Redondo Constr. Corp. v. Banco Exterior de España, S.A.,* 11 F.3d 3, 5 (1st Cir.1993) (considering a provision stating that "each [party] hereby expressly submits to jurisdiction of all Federal and State Courts located in the State of Florida").

---

[3] "Jurisdiction is normally ascertained from the face of the state court complaint that triggered the removal." *Danca* 185 F.3d at 4. In this case, the amount in controversy is established by the Notice of Removal, as Plaintiff has not disputed Defendant's diversity assertions.

[4] *See also Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385 (1st Cir. 2001) (holding that the clause, "This agreement shall be governed and construed by the laws of the State of Illinois and all actions involving this agreement must be brought in the State of Illinois," was a mandatory forum selection clause).

Whether a contract provision constitutes a permissive or a mandatory forum selection clause requires an examination of the particular language in context. *Rivera*, 575 F.3d at 17.[5] In this case, the pertinent language provides that Defendant "shall be subject to the jurisdiction of the courts of the State of Maine in any suit arising out of this franchise." Plaintiff argues that this language required Defendant to abide by Plaintiff's selection of the Somerset County Superior Court as the appropriate forum for the resolution of the parties' dispute. (Motion to Remand Mem. at 7-8, ECF No. 12.) Defendant maintains that Defendant simply agreed that it would not dispute Maine's personal jurisdiction, but that the language was not intended to and did not exclude the jurisdiction of any other court. (Def.'s Opposition at 5, ECF No. 15.)

The plain language of the provision demonstrates that it is permissive rather than mandatory. Through this language, Defendant agreed to be subject to the jurisdiction of the courts of Maine in any suit arising out of the Franchise Agreement, but did not agree that the jurisdiction of Maine courts would be exclusive. As in *Ericsson*,[6] the language amounts to "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction" in the federal district court. *Ericsson*, 201 F.3d at 18-19.

The language also cannot be construed as a waiver of Defendant's statutory right to remove this action to federal court. Although the First Circuit evidently has not directly addressed the issue, the weight of authority provides that the statutory right of state court defendants to remove

---

[5] In *Rivera*, the First Circuit emphasized this point. The Court found language that expressed the parties intent "to submit" to a particular court's jurisdiction to be mandatory, whereas in *Redondo* and *Ericsson* the Court found similar language permissive. 575 F.3d at 17. The distinguishing fact in *Rivera* was that the expression of the parties' intent "to submit" to jurisdiction was "preceded and informed by a qualifying phrase: '*In the event that by act or omission I consider that physical, emotional or economic damages have been caused to me,* I expressly agree to submit ....'" *Id.* at 18 (emphasis in original). The Court thus noted that language was focused on the plaintiff's ability to bring suit for malpractice, and in that context his agreement to submit to a particular court was an agreement to commence his suit in that particular court. *Id.*

[6] In *Ericsson*, the First Circuit construed the following language: "This contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico." 201 F.3d at 18.

actions to federal district court that fall within the original jurisdiction of the federal court may only be waived by clear and unequivocal language. *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010); *EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 649 (9th Cir. 2003); *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). Insofar as the First Circuit requires clear language to establish a mandatory forum selection clause, *Claudio-De Leon*, 775 F.3d at 46, the First Circuit would undoubtedly adopt the "clear and unequivocal" waiver standard. Here, by agreeing to confer personal jurisdiction upon the courts of the State of Maine, Defendant has not clearly and unequivocally waived its statutory right to remove the matter to federal court. Indeed, the agreement is silent as to removal, and does not limit the forum to the state courts of Maine.

In sum, the plain language of the forum selection clause does not clearly establish that the parties' disputes must be resolved in the Maine state courts, to the exclusion of any other court. Furthermore, through its agreement to the contract language, Defendant did not clearly and unequivocally waive its statutory right to remove the matter to federal court.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court deny Plaintiff's Motion to Remand (ECF No. 11).

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of March, 2015.